UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIELDMARK, INC., | ) | CASE NO. 1:12CV221 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CREATIVE SAFETY SUPPLY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation (ECF DKT #51), recommending that the Motion (ECF DKT #34) of Defendant, Creative Safety Supply, LLC ("CSS") to Amend its Counterclaims and Add Third Party Defendants be granted in part and denied in part. The Magistrate Judge further recommends that the Motion (ECF DKT #45) of Plaintiff, Shieldmark, Inc., ("Shieldmark") for Sanctions be denied. For the following reasons, the Court ADOPTS the Report and Recommendation in its entirety.

**I. BACKGROUND**

On March 5, 2012, Shieldmark filed its Amended Complaint against CSS, asserting

claims for patent infringement, trademark and service mark infringement, unfair competition, and deceptive trade practices. Specifically, Shieldmark alleged that CSS infringed on a patent for adhesive tape, U.S. Patent No. 8,088,480 ('480 Patent); and infringed on Shieldmark's trademark, and engaged in unfair competition and deceptive trade practices, by advertising, promoting and selling adhesive tape using the "Mighty Line" registered mark, and using the domain name "<www.MightyLineTape.com>."

On April 9, 2012, CSS filed its Answer to the Amended Complaint, averring that there had been a distribution agreement between the two companies, but a dispute arose upon CSS's refusal to sell Shieldmark's products exclusively. CSS also asserted Counterclaims against Shieldmark, for declaratory judgment of noninfringement and patent invalidity and for violations of § 2 of the Sherman Act, 15 U.S.C. § 2.

On July 2, 2012, CSS moved to amend its Counterclaims and to add Third-Party Claims and Defendants. (ECF DKT #34). CSS sought leave to: (1) assert additional details in support of its original Counterclaims; (2) add claims for declaratory judgment that Shieldmark's '480 Patent was invalid because of obviousness, a new matter asserted, and the on-sale bar; (3) name as Third-Party Defendants W.Scott Harders, Esq., who represented Shieldmark during the '480 Patent prosecution, and Brennan, Manna & Diamond, LLC, the firm that employed Harders; and (4) add a claim for inequitable conduct against Shieldmark and the proposed Third-Party Defendants, based upon alleged misrepresentations made by Harders during the prosecution of the '480 Patent. CSS prayed for an award of money damages, purportedly pursuant to 35 U.S.C. § 385, as well as fees, costs and consequential damages arising out of the alleged inequitable conduct.

Both Shieldmark and the proposed Third-Party Defendants opposed the Motion to Amend. Additionally, on September 2, 2012, Shieldmark filed a Motion for Sanctions (ECF DKT #45) pursuant to Fed.R.Civ.P. 11, seeking sanctions against CSS, its counsel, and their law firms. Shieldmark contended that the inequitable conduct claim lacks merit, and the proposed Third-Party Claim is frivolous, because there is no basis for bringing an inequitable conduct claim against a patent holder's attorney. The issues of amendment and sanctions were fully briefed; and, subsequently, referred to the Magistrate Judge on September 20, 2012. (ECF DKT #46). The Report and Recommendation issued on October 9, 2012. (ECF DKT #51). CSS asserts no objection to the Magistrate Judge's Recommendations. (ECF DKT #53). However, the proposed Third-Party Defendants raise a single objection. (ECF DKT # 52, p.3):

> ... Patent Counsel, while supporting the Report finding that the Motion to Amend should be denied as to the claim for inequitable conduct against them, objects to the Report's conclusion that they are not immune from the subject claims and further object to the extent that the Report should have denied leave to add Patent Counsel as Third Party Defendants under any theory of recovery.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir.1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress

intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**Motion to Amend**

At this juncture of the case, Fed.R.Civ.P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although the court is obliged to "freely give leave when justice so requires," the decision to allow amendment after a responsive pleading has been filed "is committed to the discretion of the trial court." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir.1999).

A court should consider whether the amendment is sought in bad faith or whether the proposed amendment would be futile. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973). A determination of futility depends on whether the proposed amendment would withstand a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005).

**Proposed Third-Party Claims**

CSS seeks to amend its Answer and assert a third-party claim for inequitable conduct against Shieldmark's patent counsel for alleged misrepresentations during the prosecution of

the '480 Patent.  Shieldmark and the proposed third-party counsel argue that the amendment would be futile for two reasons: (1) because under Ohio law, in the absence of privity or allegations of malice, an attorney is immune from liability to third parties for actions taken on behalf of a client; and (2) because the sole remedy for inequitable conduct in the patent law context inures to the patent holder, there can be no such claim against the patent holder's attorneys.

The Magistrate Judge thoroughly discussed the immunity argument, and found it lacking; however, she was persuaded by the second rationale as the basis for recommending denial of the amendment to add third-party claims.  The Magistrate Judge analyzed liability for inequitable misconduct under 35 U.S.C. § 285; and recommended that the claim is futile and would not survive a 12(b)(6) challenge.  The Court agrees.

"Inequitable conduct is an equitable defense to a patent infringement case that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1285 (Fed.Cir.2011).  Stated differently, the remedy for inequitable conduct is the "unenforceability of the entire patent." *Id.* at 1287.  "The concept of inequitable conduct in patent procurement derives from the equitable doctrine of unclean hands:  that a person who obtains a patent by intentionally misleading the PTO cannot enforce the patent." *General Electro Musical Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed.Cir.1994)(internal quotation marks omitted).

As the Magistrate Judge correctly noted, because only the patent holder possesses the right to enforce a patent against infringement (35 U.S.C. § 281), the inequitable conduct bar to enforcement operates solely against the patent holder.  The remedy authorized by 35 U.S.C.

§ 285 lies only against the patent holder and no others.  Thus, CSS's proposed Third-Party Complaint against Shieldmark's counsel, Harders and Brennan, Manna & Diamond, does not articulate a "viable legal theory" under which it can "sustain recovery" against the proposed Third-Party Defendants.  Therefore, the Motion of CSS to Amend is DENIED to the extent it seeks leave to add the third-party claims for inequitable conduct.

**<u>Proposed Third-Party Defendants' Objection</u>**

Shieldmark's patent counsel object to the Magistrate Judge's conclusion that there is no merit to their immunity argument; and they seek the "logical extension" of the Report's findings "to the overall denial of CSS' request to add them as Third-Party Defendants."  (ECF DKT #52, p.1).

In the absence of errors of fact or law, the Court decides only what is necessary to dispose of the issue before it.  In their Objection, Shieldmark's patent counsel re-argue their position on immunity and cite to authority which was addressed in the Report and Recommendation.  The proposed Third-Party Defendants do not differ with the Magistrate Judge's determination that the proposed inequitable conduct claim fails on the grounds of futility; and the Court is equally convinced that CSS's complaint against patent counsel would not survive a 12(b)(6) challenge.  However, the Court declines the Objectors' invitation to pursue the so-called "logical extension" of the findings in the Report and Recommendation, and hold that a third-party complaint against counsel is not sustainable under any theory.  It is fair to say that to embark on the suggested path would lead the Court perilously close to rendering an advisory opinion.

## III. CONCLUSION

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF DKT #51) in its entirety. The Objection (ECF DKT #52) of Non-Party Proposed Third Party Defendants, W. Scott Harders, Esq. and Brennan, Manna & Diamond, LLC, is OVERRULED. The Motion (ECF DKT #34) of Defendant, Creative Safety Supply, LLC, is GRANTED to the extent it seeks leave to amend its Answer and Counterclaims to assert claims other than the inequitable conduct claim against Putative Third-Party Defendants, and DENIED to the extent it seeks leave to add a third-party claim for inequitable conduct against the Putative Third-Party Defendants. Further, the Motion (ECF DKT #45) of Plaintiff, Shieldmark, Inc., ("Shieldmark") for Sanctions is DENIED.

  **IT IS SO ORDERED.**

            s/ Christopher A. Boyko
            **CHRISTOPHER A. BOYKO**
            **United States District Judge**

**Dated: January 9, 2013**