# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHIELDMARK, INC.<br>20228 Detroit Rd.,<br>Rocky River, OH 44116<br><br>        Plaintiff,<br><br>v.<br><br>CREATIVE SAFETY SUPPLY, LLC<br>7737 SW Cirrus Dr.<br>Beaverton, OR 97008<br><br>        Defendant. | CASE NO. 1:12-cv-00221-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK AND SERVICE MARK DILUTION, UNFAIR COMPETITION, TRADEMARK AND SERVICE MARK INFRINGEMENT, TRADE NAME INFRINGEMENT and DECEPTIVE TRADE PRACTICES**<br><br>JURY TRIAL DEMANDED |

Plaintiff ShieldMark, Inc. ("ShieldMark"), for its Second Amended Complaint ("Complaint") against Defendant Creative Safety Supply, LLC ("Defendant"), hereby demands a jury trial and alleges as follows:

## PARTIES

1.    ShieldMark is a corporation organized under the laws of the State of Ohio, with its principal place of business in Rocky River, Ohio.

2.    On information and belief, Defendant is a limited liability company organized under the laws of the State of Oregon, with its principal place of business in Beaverton, Oregon.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), in that this is an action for patent infringement arising under the United States Patent Laws at Title 35, United States Code, 35 U.S.C. § 271 *et. seq.*

4. This Court also has subject matter jurisdiction over this action under the Trademark Act of 1946 (15 U.S.C.A. §§ 1051 et seq.), including Sections 32, 34 and 35 of the Act (15 U.S.C.A. §§ 1114, 1116, 1117), and as more fully described in this Complaint.

5. Defendant has committed acts of patent infringement, trademark and service mark infringement, unfair competition, trade name infringement and deceptive trade practices in the Federal District for the Northern District of Ohio and elsewhere throughout the United States.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

## PATENT INFRINGEMENT (Count I)

7. ShieldMark is the owner by assignment of U.S. Patent No. 8,088,480 issued on January 3, 2012 to Thomas R. Goecke and entitled "Adhesive Tape" ("the '480 Patent"). A true and accurate copy of the '480 Patent is attached as Exhibit 1.

8. Defendant has made, used, sold, offered for sale, and/or imported into the United States adhesive tape that infringes upon the '480 Patent.

9. Defendant's adhesive tape that infringes upon the '480 Patent is adhesive tape presently sold including at least those sold under the name(s) "SafetyTac" and/or "SafetyTac LEAN".

10. Defendant has infringed, contributed to, and/or induced infringement of one or more claims of the '480 Patent by making, using, offering to sell, selling within the United States, and/or importing into the United States adhesive tapes including those presently sold under the name(s) "SafetyTac" and/or "SafetyTac LEAN".

11. On information and belief, Defendant's infringement of the '480 Patent has been willful and deliberate.

12. As a direct and proximate result of Defendant's infringement of the '480 Patent, ShieldMark has suffered and continues to suffer damages.

13. ShieldMark has no adequate remedy at law and will be irreparably injured unless Defendant's acts of infringement are enjoined by this Court.

## PATENT INFRINGEMENT (Count II)

14. ShieldMark is the owner by assignment of U.S. Patent No. 8,343,292 issued on January 1, 2013 to Thomas R. Goecke and entitled "Adhesive Tape" ("the '292 Patent"). A true and accurate copy of the '292 Patent is attached as Exhibit 2.

15. Defendant has made, used, sold, offered for sale, and/or imported into the United States adhesive tape that infringes upon the '292 Patent.

16. Defendant's adhesive tape that infringes upon the '292 Patent is adhesive tape presently sold including at least those sold under the name(s) "SafetyTac" and/or "SafetyTac LEAN".

17. Defendant has infringed, contributed to, and/or induced infringement of one or more claims of the '292 Patent by making, using, offering to sell, selling within the United States, and/or importing into the United States adhesive tapes including those presently sold under the name(s) "SafetyTac" and/or "SafetyTac LEAN".

18. On information and belief, Defendant's infringement of the '292 Patent has been willful and deliberate.

19. As a direct and proximate result of Defendant's infringement of the '292 Patent, ShieldMark has suffered and continues to suffer damages.

20. ShieldMark has no adequate remedy at law and will be irreparably injured unless Defendant's acts of infringement are enjoined by this Court.

## **TRADEMARK AND SERVICE MARK INFRINGEMENT (Count III)**

21. ShieldMark realleges and reavers the allegations contained in the preceding paragraphs.

22. Defendant is engaged in acts of trademark infringement under the § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

23. Long prior to the acts complained of herein, ShieldMark commenced use of the inherently distinctive words "Mighty Line" as a trademark in the United States for adhesive tape, and ShieldMark has continuously used said mark on or in connection with such goods, and in the advertising and sale thereof, in interstate commerce since 2006.

24. ShieldMark duly registered "Mighty Line" as a trademark for adhesive tape in the United States Patent and Trademark Office under Registration No. 3,428,461 which registered May 13, 2008.

25. Registration No. 3,428,461 is prima facie evidence of the validity and exclusive right to use of the mark "Mighty Line", alone and in combination with other words and/or designs, and is constructive notice of ownership thereof, all as provided by §§ 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072.  Registration No. 3,428,461 is conclusive evidence of the exclusive right to use the mark shown therein in commerce as provided by §33(a) of the Lanham Act, 15 U.S.C. § 1115(a). A true copy of Registration No. 3,428,461 is attached hereto as Exhibit 3 and made a part hereof.

26. Notwithstanding, on information and belief, actual knowledge of ShieldMark's well-known and prior established rights in the mark "Mighty Line", Defendant has engaged in the advertising, promotion and sale of adhesive tape using the trademark "Mighty Line" and under the domain name <www.MightyLineTape.com>.  A reproduction of the page that loads in

a browser directed to Defendant's website at <www.MightyLineTape.com> is attached hereto as Exhibit 4 and made a part hereof.

27. Defendant's use of the trademark "Mighty Line" and the domain name <www.MightyLineTape.com> is likely to cause the public to believe, contrary to fact, that Defendant and its adhesive tape and website are sponsored or approved by, or are otherwise affiliated or connected with, ShieldMark. Defendant's use of said mark and said domain name accordingly infringes the Registration No. 3,428,461 for the trademark "Mighty Line" under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

28. Unless enjoined by this Court, Defendant will continue to infringe the mark "Mighty Line", thereby deceiving the public and causing ShieldMark immediate and irreparable injury for which it has no adequate remedy at law.

## UNFAIR COMPETITION (Count IV)

29. ShieldMark realleges and reavers the allegations contained in the preceding paragraphs.

30. Defendant engaged in acts of unfair competition under § 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and at common law.

31. Defendant's use of the domain name <www.MightyLineTape.com> to redirect users to its own website for the sale of adhesive tape in the manner hereinabove alleged constitutes a false designation of origin within the meaning of § 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), which is likely to confuse or deceive the public as to the source, sponsorship and/or approval of Defendant and the services it renders under the domain name <www.MightyLineTape.com>, thereby causing ShieldMark immediate and irreparable injury for which it has no adequate remedy at law.

32. The nature and probable tendency and effect of Defendant's use of the domain name <www.MightyLineTape.com> in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public and others by misrepresenting that its adhesive tape is sponsored or approved by ShieldMark and/or that Defendants is affiliated with ShieldMark.  Such conduct constitutes unfair competition at common law.

33. Unless enjoined by this Court, Defendant will continue said acts of unfair competition, thereby causing ShieldMark immediate and irreparable damage for which it has no adequate remedy at law.

## DECEPTIVE TRADE PRACTICES (Count V)

34. ShieldMark realleges and reavers the allegations contained in the preceding paragraphs.

35. Defendant is engaged in deceptive trade practices in violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165.02.

36. Defendant's use of the trade names and service marks "Mighty Line" and the domain name <www.MightyLineTape.com> in connection with adhesive tape in the manner hereinabove alleged is likely to confuse or deceive the public as to the source, sponsorship and/or approval of Defendant and its products and thus constitutes a deceptive trade practice in violation of Ohio Rev. Code Ann. § 4165.02, thereby causing ShieldMark immediate and irreparable injury for which it has no adequate remedy at law.

37. Unless enjoined by this Court, Defendant will continue said deceptive trade practices in violation Ohio Rev. Code Ann. § 4165.02, thereby causing ShieldMark immediate and irreparable damage for which it has no adequate remedy at law.

WHEREFORE, ShieldMark respectfully requests that the Court enter judgment in its favor and an award of the following relief:

A. Preliminary and permanent injunctive relief prohibiting Defendant, its agents, employees, licensees, and all those in privity with Defendant from engaging in acts of infringement of the '480 Patent;

B. Judgment that Defendant has infringed the rights of ShieldMark in the '480 Patent in violation of 35 U.S.C. §271;

C. Preliminary and permanent injunctive relief prohibiting Defendant, its agents, employees, licensees, and all those in privity with Defendant from engaging in acts of infringement of the '292 Patent;

D. Judgment that Defendant has infringed the rights of ShieldMark in the '292 Patent in violation of 35 U.S.C. §271;

E. An award of all damages recoverable under the United States patent laws pursuant to 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed for any willful infringement;

F. An award of attorneys' fees to the extent permitted under 35 U.S.C. § 285;

G. Judgment that Defendant has infringed the rights of ShieldMark in the mark "Mighty Line" under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law; has infringed the rights of ShieldMark in the trade name "Mighty Line" at common law; competed unfairly with ShieldMark under § 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and at common law; has engaged in deceptive trade practices in violation of Ohio Rev. Code Ann. § 4165.02; and has otherwise injured ShieldMark's business reputation by using the trademark

7

"Mighty Line" and the domain name <www.MightyLineTape.com> in the manner complained of herein.

H.   In accordance with §§ 34 and 43(c)(1) of the Lanham Act, 15 U.S.C. §§ 1116 and 1125(c)(1), respectively, Ohio Rev. Code Ann. § 4165.03 and the common law, that Defendant its agents, employees, licensees, and all those in privity with Defendant, be preliminarily and permanently enjoined from:

　　i.   Using the trade names and service marks "Mighty Line" and the domain name <www.MightyLineTape.com>, and/or any other service mark, trademark, trade name, domain name or other commercial indication of origin which consists of or incorporates the mark and trademark "Mighty Line" or that is otherwise confusingly similar to "Mighty Line";

　　ii.  Competing unfairly with ShieldMark or otherwise injuring ShieldMark's business reputation in the manner complained of herein;

　　iii. Transferring (except transferring to ShieldMark) and/or renewing the registration of the domain name www.MightyLineTape.com; and

　　iv.  Redirecting web browsers pointed to www.MightyLineTape.com to any website other than one controlled by ShieldMark.

I.   Pursuant to § 36 of the Lanham Act, 15 U.S.C. § 1118, that Defendant be directed to deliver up for destruction or other disposition by ShieldMark all advertisements, brochures, signs, business cards, stationary, invoices, work order forms and all other materials in their possession, custody or under their control which bear or are labeled with the trade names and service marks "Mighty Line" and the domain name <www.MightyLineTape.com>;

8

J. That Defendants be required to pay to ShieldMark both the costs of this action and reasonable attorneys' fees under Ohio Rev. Code Ann. § 4165.03(B) and, based on the exceptional nature of this case, under § 35 of the Lanham Act, 15 U.S.C. § 1117.

K. An award of all damages recoverable under the United States trademark laws pursuant to 15 U.S.C. § 1117;

L. An award of all damages recoverable under Ohio common law and pursuant to Ohio Rev. Code Ann. § 4165.03;

M. An award of all taxable costs; and

N. Such other and further legal and equitable relief as the Court deems appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiff ShieldMark hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/Martin J. Pangrace*
W. Scott Harders (#0070598)
Martin J. Pangrace (#0073857)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH  44308
Telephone:   (330) 253-5060
Facsimile:   (330) 253-1977
E-Mail:      rahager@bmdllc.com
             wsharders@bmdllc.com
             mjpangrace@bmdllc.com


*/s/ Susan L. Gragel*
Susan L. Gragel
**GOLDSTEIN GRAGEL LLC**
526 Superior Avenue, East, Suite 1040
Cleveland, OH  44114
Telephone:   (216) 771-6633
Facsimile:   (216) 771-7559
E-Mail:      sgragel@ggcounsel.com

9

        */s/ Mark B. Cohn*
Mark B. Cohn
**DUBYAK CONNICK THOMPSON & BLOOM, LLC**
3401 Enterprise Pkwy., Suite 205
Cleveland, OH  44122
Telephone:	(216) 364-0500
Facsimile:	(216) 364-0505
E-Mail:	mark@markcohnlaw.com

*Attorneys for Plaintiff, ShieldMark, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        */s/Martin J. Pangrace*