UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIELDMARK, INC., | ) | CASE NO. 1:12CV221 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CREATIVE SAFETY SUPPLY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #66) of Defendant, Creative Safety Supply, LLC ("CSS"), to Dismiss Claims III, IV and V of the Second Amended Complaint. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On March 5, 2012, Shieldmark filed its Amended Complaint against CSS, asserting claims for patent infringement, trademark and service mark infringement, unfair competition, and deceptive trade practices. Specifically, Shieldmark alleged that CSS infringed on a patent for adhesive tape, U.S. Patent No. 8,088,480 ('480 Patent); infringed on Shieldmark's trademark; and engaged in unfair competition and deceptive trade practices, by advertising,

promoting and selling adhesive tape using the "Mighty Line" registered mark, and using the domain name "<www.MightyLineTape.com>." On March 29, 2012, Shieldmark filed a Motion for Preliminary Injunction, which was opposed on April 17, 2012.

On April 9, 2012, CSS filed its Answer to the Amended Complaint, averring that there had been a distribution agreement between the two companies, but a dispute arose upon CSS's refusal to sell Shieldmark's products exclusively. CSS also asserted Counterclaims against Shieldmark, for declaratory judgment of noninfringement and patent invalidity and for violations of § 2 of the Sherman Act, 15 U.S.C. § 2.

Following a Case Management Conference and further briefing on pleading amendments, the Court denied Shieldmark's Motion for Preliminary Injunction as "premature, subject to being re-filed." (June 27, 2012, ECF DKT #33).

On March 12, 2013, Shieldmark filed a Second Amended Complaint, adding a new cause of action for a recently-issued patent.

On March 20, 2013, CSS filed the instant Motion to Dismiss. CSS argues that its affidavit, in response to the earlier Preliminary Injunction Motion, demonstrates that CSS fully quit using Plaintiff's mark as of March 9, 2012; and that no sales occurred after the Plaintiff's request on February 27, 2012 to cease using the mark. CSS attaches the affidavit as Exhibit "A" to its Motion. CSS contends that Shieldmark's claims are groundless and frivolous; and thus, CSS is entitled to dismissal and to an award of fees and costs. Shieldmark filed its Memorandum in Opposition on April 19, 2013 (ECF DKT #73), and CSS filed its Reply on April 29, 2013 (ECF DKT #75).

## II. LAW AND ANALYSIS

**Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*,

No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

In ruling on a motion to dismiss, "the Court may *only* consider documents attached to, incorporated by, or referred to in the pleadings." *Whittiker v. Deutsche Bank National Trust Company*, 605 F.Supp.2d 914, 924 (N.D.Ohio 2009).  (Emphasis added).

In its Motion to Dismiss, CSS relies upon the facts set forth in an affidavit, submitted nearly a year ago, in response to Shieldmark's request for injunctive relief.  In no way could that be considered part of the Second Amended Complaint, which is the operative pleading at issue.  Moreover, in its Reply Brief (ECF DKT #75), CSS asserts: "The Plaintiff remains stubbornly litigious, and refuses to drop the claims in the face of overwhelming and uncontradicted evidence that there was no trademark infringement, and no unauthorized use of the product."  *Id*. at 4-5.  It is clear to the Court that CSS is depending upon evidentiary materials in its effort to dismiss Plaintiff's trademark infringement claims.  That is not appropriate under the Court's Rule 12(b)(6) standard of review.  Therefore, the Court will not consider any matters outside of the Second Amended Complaint, specifically the CSS affidavit.

Moreover, at the same time that Shieldmark opposed CSS's Motion, Shieldmark separately moved for Summary Judgment in its favor on Counts III, IV and V of its Second Amended Complaint.  Therefore, in the interest of efficiency, and as is proper under the Civil Rules, the Court will address both parties' arguments and evidence in the context of the Motion for Summary Judgment (ECF DKT #72).

### III. CONCLUSION

For the foregoing reasons, the Motion (ECF DKT #66) of Defendant, Creative Safety

Supply, LLC, to Dismiss Claims III, IV and V of the Second Amended Complaint is denied.

      **IT IS SO ORDERED.**

                                             <u>**s/ Christopher A. Boyko**</u>
                                             **CHRISTOPHER A. BOYKO**
                                             **United States District Judge**

**Dated:  March 11, 2014**